UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALPHONZO D. CHAPMAN,

             Petitioner,          Case No. 2:16-CV-13178

v.                               HON. GEORGE CARAM STEEH
                                 UNITED STATES DISTRICT JUDGE

S.L. BURT,

             Respondent.

_____/

## OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS*

Alphonzo D. Chapman, ("Petitioner"), confined at the Muskegon Correctional Facility in Muskegon, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, in which he challenges his conviction for three counts of first-degree criminal sexual conduct, M.C.L.A. 750.520b(1)(A), and two counts of second-degree criminal sexual conduct, M.C.L.A. 750.520c(1)(A). For the reasons that follow, the petition for writ of habeas corpus is DENIED.

### I. Background

Petitioner was convicted following a jury trial in the Wayne County Circuit Court. The victim in this case was petitioner's girlfriend's daughter,

who testified that petitioner sexually assaulted her numerous times while

petitioner lived with her family.

Petitioner's conviction was affirmed on appeal. *People v. Chapman*,

No. 327152 (Mich.Ct.App. Sep. 18, 2015); *lv. den.* 499 Mich. 915, 877

N.W.2d 899 (2016).

Petitioner seeks a writ of habeas corpus on the following grounds:

I. Did the prosecutor elict [sic] testimonial evidence against Mr. Chapman that was prejudicial, inflamatory [sic] and was irrelevant to whether Mr. Chapman committed the crimes he was charged with and therefore Mr. Chapman was denied a fair and impartial trial in violation of his state and federally mandated right to due process of law?

II. Was Mr. Chapman denied effective assistance of counsel at his trial because his trial counsel did not object to questions posed by the prosecutor from the victim and her family that elicited testimony that was prejudicial, inflamatory [sic] and was irrelevant to whether Mr. Chapman committed the crimes he was charged with?

III. Did the trial court abuse its discretion by not allowing Mr. Chapman's counsel to withdraw?

## II. Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective

Death Penalty Act of 1996 (AEDPA), imposes the following standard of

review for habeas cases:

An application for a writ of habeas corpus on behalf of a person

in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000). An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11.  "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's

decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). In order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his or her claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

The Michigan Court of Appeals denied petitioner's application for leave to appeal on petitioner's direct appeal in a form order "for lack of merit in the grounds presented." The Michigan Supreme Court subsequently denied the petitioner leave to appeal in a standard form order without any extended discussion. Determining whether a state court's decision resulted from an unreasonable legal or factual conclusion, as would warrant federal habeas relief, does not require that there be an opinion from the state court that explains the state court's reasoning. *Harrington*, 562 U.S. at 98. "Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing there was no reasonable basis for the state court to deny relief." *Id.* In fact, when a habeas petitioner has presented a federal claim to a state court and that state court has denied relief, "it may be presumed that the state court adjudicated the claim on the merits in the

absence of any indication or state-law procedural principles to the

contrary." *Id.* at 99.  That presumption may be overcome only when there is

a reason to think that some other explanation for the state court's decision

is more likely. *Id.* at 99-100.

The AEDPA deferential standard of review applies to petitioner's

claims where the Michigan Court of Appeals rejected petitioner's appeal

"for lack of merit in the grounds presented" and the Michigan Supreme

Court subsequently denied leave to appeal in a standard form order,

because these orders amounted to a decision on the merits. See *Werth v.

Bell*, 692 F. 3d 486, 492-94 (6th Cir. 2012).

### III.  Discussion

### A.  Claim # 1.  The prosecutorial misconduct claim.

Petitioner claims that the prosecutor committed misconduct by asking

the victim and her mother questions about petitioner's history of domestic

violence.  Petitioner claims that this evidence was inflammatory and

irrelevant.

The prosecutor filed a pre-trial motion *in limine* under M.R.E. 404(b)

and M.C.L.A. 768.27b to seek admission of this evidence.  The prosecutor

argued that evidence of petitioner's domestic abuse was admissible to

explain that the victim had been afraid of disclosing petitioner's sexual abuse to her mother or to other persons because she knew that petitioner had a history of violent behavior.  Over defense counsel's objection, the judge permitted the evidence to be introduced at trial. (Tr. 3/26/13, pp. 15-18).

"Claims of prosecutorial misconduct are reviewed deferentially on habeas review." *Millender v. Adams*, 376 F.3d 520, 528 (6th Cir. 2004)(citing *Bowling v. Parker*, 344 F. 3d 487, 512 (6th Cir. 2003)).  A prosecutor's improper comments will be held to violate a criminal defendant's constitutional rights only if they "'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)(quoting *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974)).  Prosecutorial misconduct will thus form the basis for habeas relief only if the conduct was so egregious as to render the entire trial fundamentally unfair based on the totality of the circumstances. *Donnelly v. DeChristoforo*, 416 U.S. at 643-45.  In order to obtain habeas relief on a prosecutorial misconduct claim, a habeas petitioner must show that the state court's rejection of his prosecutorial misconduct claim "was so lacking in justification that there was an error

well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Parker v. Matthews*, 567 U.S. 37, 48 (2012)(quoting *Harrington*, 562 U.S. at 103).

Although petitioner alleges prosecutorial misconduct, his claim "amounts in the end to a challenge to the trial court's decision to allow the introduction of this evidence." *Webb v. Mitchell*, 586 F. 3d 383, 397 (6th Cir. 2009).  "A prosecutor may rely in good faith on evidentiary rulings made by the state trial judge and make arguments in reliance on those rulings." *Cristini v. McKee*, 526 F.3d 888, 900 (6th Cir. 2008).  The trial judge concluded that this evidence was relevant and admissible.  There was no violation of clearly established federal law for the prosecutor to rely on the trial judge's ruling in admitting this "other acts" evidence of petitioner's domestic violence in petitioner's trial, regardless if the trial judge's ruling was correct, thus petitioner is not entitled to habeas relief on his claim. *See Key v. Rapelje*, 634 F. App'x. 141, 146–47 (6th Cir. 2015).

**B.  Claim # 2.  The ineffective assistance of counsel claim.**

Petitioner argues that trial counsel was ineffective for failing to object to the admission of the prior bad acts evidence involving his domestic violence.

To show that he or she was denied the effective assistance of counsel under federal constitutional standards, a defendant must satisfy a two prong test.  First, the defendant must demonstrate that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  In so doing, the defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id*.  In other words, petitioner must overcome the presumption that, under the circumstances, the challenged action might be sound trial strategy. *Strickland,* 466 U.S. at 689.  Second, the defendant must show that such performance prejudiced his defense. *Id*.  To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.  "*Strickland*'s test for prejudice is a demanding one. 'The likelihood of a different result must be substantial, not just conceivable.'" *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011)(quoting *Harrington*, 562 U.S. at 112).  The Supreme Court's holding in *Strickland* places the burden on the defendant who raises a

claim of ineffective assistance of counsel, and not the state, to show a reasonable probability that the result of the proceeding would have been different, but for counsel's allegedly deficient performance. *See Wong v. Belmontes*, 558 U.S. 15, 27 (2009).

More importantly, on habeas review, "the question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable-a substantially higher threshold.'" *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009)(quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).  "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable.  This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Harrington v. Richter*, 562 U.S. at 101.  Indeed, "because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles,* 556 U.S. at 123 (citing *Yarborough v. Alvarado*, 541 U.S. at 664).  Pursuant to the § 2254(d)(1) standard, a "doubly deferential judicial review" applies to a *Strickland* claim brought by a habeas petitioner. *Id.*  This means that on habeas review of a state court conviction, "[A] state court must be granted

a deference and latitude that are not in operation when the case involves review under the *Strickland* standard itself."*Harrington*, 562 U.S. at 101. "Surmounting *Strickland's* high bar is never an easy task." *Id.* at 105 (quoting *Padilla v. Kentucky*, 559 U.S. 356, 371 (2010)).

Petitioner is not entitled to habeas relief for several reasons.

First, trial counsel did object to the admission of this evidence during the pre-trial motion hearing.  The Supreme Court observed that "[a]n objection which is ample and timely to bring the alleged federal error to the attention of the trial court and enable it to take appropriate corrective action is sufficient to serve legitimate state interests, and therefore sufficient to preserve the claim for review." *Douglas v. State of Ala.*, 380 U.S. 415, 422 (1965).  Indeed, "[N]o legitimate state interest" is served "by requiring repetition of a patently futile objection," which has been rejected several times, "in a situation in which repeated objection might well affront the court or prejudice the jury beyond repair." *Id.*  Trial counsel's failure to object at trial was not ineffective where he had already objected unsuccessfully at the pre-trial hearing on the prosecutor's motion *in limine*. *See Lovett v. Foltz*, 687 F. Supp. 1126, 1144 (E.D. Mich. 1988), *aff'd*, 884 F.2d 579 (6th Cir. 1989)(Table)(failure of trial counsel to object at trial to admission of

evidence did not constitute ineffective assistance of counsel where he had already been unsuccessful on a previously filed motion to suppress).  Trial counsel was not ineffective for failing to raise a futile objection at trial. *See U.S. v. Johnson*, 9 F. App'x. 373, 374 (6th Cir. 2001)(citing *McQueen v. Scroggy*, 99 F.3d 1302, 1328 (6th Cir. 1996)).

Secondly, counsel's decision not to object to the evidence at trial may very well have been a tactical one.  When a defense attorney focuses on some issues to the exclusion of others, there is a strong presumption that he or she did so for tactical reasons, rather than through sheer neglect, and this presumption has particular force where an ineffective assistance of counsel claim is asserted by a federal habeas petitioner based solely on the trial record, where a reviewing court "may have no way of knowing whether a seemingly unusual or misguided action by counsel had a sound strategic motive." See *Yarborough v. Gentry,* 540 U.S. 1, 5-6 (2003)(quoting *Massaro v. United States*, 538 U.S. 500, 505 (2003)).  In the present case, counsel may very well have made a strategic decision not to object to the domestic abuse, so as to avoid bringing undue attention to the evidence. See *Cobb v. Perini,* 832 F.2d 342, 347-48 (6th Cir. 1987). "[N]ot drawing attention to [a] statement may be perfectly sound from a

tactical standpoint[,]."*United States v. Caver,* 470 F.3d 220, 244 (6th Cir. 2006). Petitioner is unable to show that counsel's failure to object to this evidence-thus drawing attention to it—was deficient, so as to support an ineffective assistance of counsel claim. See *Smith v. Bradshaw*, 591 F. 3d 517, 522 (6th Cir. 2010).

### C. Claim # 3. The withdrawal of counsel claim.

Petitioner claims that his Sixth Amendment right to counsel was violated when the judge refused to allow petitioner's trial counsel to withdraw as counsel on the first day of trial.

Petitioner's counsel made an oral motion to withdraw on the first day of petitioner's re-trial. Petitioner's original trial had ended in a hung jury on several counts, acquittal on several other counts, and his conviction from that trial on other counts subsequently being set aside. [1] Defense counsel indicated on the first day scheduled for the re-trial that there had been a breakdown in the attorney-client relationship and that he believed that petitioner needed a new attorney who he would be more comfortable with. (Tr. 2/6/14, pp. 3-4). The trial judge denied the motion:

With all due respect, his right to a lawyer does not entitle him to

---

[1] The judge granted petitioner's motion for a new trial on October 11, 2013. See Wayne County Register of Actions, p. 7 [This Court's Dkt. # 11-1].

a lawyer that he's comfortable with or that he's confident in.  You represented him in the last trial and then his lawyer says July of 2013 was the first time this case was tried; is that correct?

* * *

You filed motions, you've argued them, there's nothing that indicates that you have an inability to master his case.  And you were just before the Court was it last week or the week before, at which time this issue could have been raised and it was not.  And I feel that this is only being brought at this moment on the brink of trial with the jury in the hallway to delay this process.  And I'm not inclined to allow you to withdraw on the date of trial.

I think you have the mastery of the facts in this case and not only was there a hung count, there was one hung count and a conviction that was set aside.  But wasn't the defendant also acquitted on some count[s]?

* * *

So it sounds to me like you did a pretty good job for him at trial. Your motion is respectfully denied.

(*Id.*, pp. 4-5).

The Sixth Amendment right to the assistance of counsel does not guarantee a criminal defendant that he or she will be represented by a particular attorney. *Serra v. Michigan Department of Corrections*, 4 F. 3d 1348, 1351 (6th Cir. 1993)(citing *Caplin & Drysdale v. United States,* 491 U.S. 617, 624 (1989)).  A criminal defendant who has the desire and the financial means to retain his own counsel "should be afforded a fair opportunity to secure counsel of his own choice." *Id.* (quoting *Powell v.*

-13-

*Alabama,* 287 U.S. 45, 53 (1932)).  Indeed, "[t]he Sixth Amendment

guarantees the defendant the right to be represented by an otherwise

qualified attorney whom that defendant can afford to hire, or who is willing

to represent the defendant even though he is without funds." *U.S. v.*

*Gonzalez-Lopez,* 548 U.S. 140, 144 (2006)(quoting *Caplin & Drysdale,* 491

U.S. at 624-25).  However, while a criminal defendant who can afford his or

her own attorney has a right to a chosen attorney, that right is a qualified

right. *Serra,* 4 F. 3d at 1348 (citing to *Wheat v. United States,* 486 U.S.

153, 159 (1988)).  Stated differently, the right to counsel of one's own

choice is not absolute. *See Wilson v. Mintzes,* 761 F. 2d 275, 280 (6th Cir.

1985).  "Although a criminal defendant is entitled to a reasonable

opportunity to obtain counsel of his choice, the exercise of this right must

be balanced against the court's authority to control its docket." *Lockett v.*

*Arn,* 740 F. 2d 407, 413 (6th Cir. 1984); *See also Gonzalez-Lopez,* 548

U.S. at 151-52)("Nothing we have said today casts any doubt or places any

qualification upon our previous holdings that limit the right to counsel of

choice and recognize the authority of trial courts to establish criteria for

admitting lawyers to argue before them...We have recognized a trial court's

wide latitude in balancing the right to counsel of choice against the needs

-14-

of fairness, and against the demands of its calendar.")(internal citations omitted). Finally, the right to counsel of choice may not be used to unreasonably delay a trial. *See Linton v. Perini,* 656 F.2d 207, 209 (6th Cir. 1981).

In reviewing a motion for substitution of counsel, a reviewing court should consider "the timeliness of the motion; the adequacy of the [trial] court's inquiry into the defendant's complaint; and the asserted cause for that complaint, including the extent of the conflict or breakdown in communication between lawyer and client (and the client's own responsibility, if any, for that conflict)." *Martel v. Clair*, 565 U.S. 648, 663 (2012). "Because a trial court's decision on substitution is so fact-specific, it deserves deference; a reviewing court may overturn it only for an abuse of discretion." *Id.* at 663-64.

Petitioner is not entitled to relief for several reasons.

First, the motion to withdraw as counsel was untimely because it was made on the first day of the re-trial. Petitioner offered no reasons to the state courts or to this Court why he did not bring any alleged dissatisfaction with his counsel up to the trial court earlier. The Sixth Circuit has noted that when "the granting of the defendant's request [for a continuance to

-15-

obtain new counsel] would almost certainly necessitate a last-minute continuance, the trial judge's actions are entitled to extraordinary deference." *U.S. v. Whitfield*, 259 F. App'x. 830, 834 (6th Cir. 2008)(quoting *United States v. Pierce*, 60 F.3d 886, 891 (1st Cir.1995)).  The Sixth Circuit has rejected similar requests as being untimely. *See U.S. v. Trujillo,* 376 F.3d 593, 606-07 (6th Cir. 2004)(motion for substitution of counsel was untimely, coming only three days prior to the start of the trial); *United States v. Jennings,* 83 F.3d 145, 148 (6th Cir. 1996)(motion to continue to obtain new counsel untimely when it was made the day before trial).  In the present case, petitioner's request for a continuance to obtain new counsel on the day of trial was untimely, particularly where the petitioner had several opportunities prior to trial to bring his dissatisfaction with counsel to the attention of the trial court. *Whitfield,* 259 F. App'x. at 834.

Secondly, petitioner failed to establish good cause for substitution of counsel, where he failed to show that any conflict between himself and his attorney was so great that it resulted in a total lack of communication which prevented an adequate defense. *See United States v. Jennings*, 83 F. 3d 145, 149 (6th Cir. 1996).

Thirdly, petitioner is unable to show that he was prejudiced by the

-16-

failure of the trial court to appoint substitute counsel, in light of the fact that he received effective assistance of counsel at trial. *U.S. v. Vasquez*, 560 F.3d 461, 468 (6th Cir. 2009). Any "strained relationship" between petitioner and his attorney was not a "complete breakdown in communication" that prevented petitioner from receiving an adequate defense. *Id.*

The Court recognizes that the trial judge did not specifically ask petitioner on the record whether he had any complaints against his lawyer, but this alone would be insufficient to grant petitioner habeas relief. Although all of the federal circuit courts agree that a court "cannot properly resolve substitution motions without probing why a defendant wants a new lawyer[.]", *Martel,* 545 U.S. at 664, the Supreme Court in *Martel* did not require, as a matter of federal constitutional law, that a trial court must engage in an inquiry with a criminal defendant concerning the nature of his or her complaints against counsel before denying a motion for substitution. Indeed, the Supreme Court in *Martel* held that a federal district court did not abuse its discretion in denying a habeas petitioner's motion for substitution of counsel without first conducting an inquiry into the nature of his complaints, where the motion was untimely and the court was ready to

render a decision in that case. *Id.* at 664-66.  There is no clearly

established federal law from the Supreme Court requiring an inquiry by the

trial judge into the nature of a defendant's dissatisfaction with his or her

counsel prior to denying a motion for substitution of counsel. *See James v.

Brigano*, 470 F. 3d 636, 643 (6th Cir. 2006)(reversing a grant of relief

because the inquiry requirement was not clearly established Federal law).

Thus, in the absence of a showing that a habeas petitioner received the

ineffective assistance of counsel at trial, a state trial judge's failure to

inquire into a habeas petitioner's complaints against his or her counsel

before denying a motion for substitution of counsel would not entitle the

petitioner to habeas relief. *See Peterson v. Smith,* 510 F. App'x. 356, 366-

67 (6th Cir. 2013).  As mentioned above, petitioner failed to show that he

was denied the effective assistance of trial counsel, thus, the judge's failure

to inquire into the alleged breakdown between petitioner and his counsel

would not entitle him to relief.

The Michigan Court of Appeals' conclusion that the trial judge's

denial of the petitioner's motion to substitute counsel did not violate his

Sixth Amendment rights, was not an unreasonable application of federal

law, and thus petitioner is not entitled to federal habeas relief. *See*

*Henness v. Bagley*, 644 F.3d 308, 322 (6th Cir. 2011).

## IV.  Conclusion

The Court will deny the petition for writ of habeas corpus.  The Court will also deny a certificate of appealability to petitioner.  In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).  To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).  When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.  "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254.

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial

showing of the denial of a federal constitutional right. *Myers v. Straub,* 159 F. Supp. 2d 621, 629 (E.D. Mich. 2001).  The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. ORDER

Based upon the foregoing, IT IS ORDERED that the Petition for a Writ of Habeas Corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a Certificate of Appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

Dated:  July 20, 2017

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 20, 2017, by electronic and/or ordinary mail and also on Alphonzo Chapman #322445, Muskegon Correctional Facility, 2400 S. Sheridan, Muskegon, MI 49442.

s/Barbara Radke
Deputy Clerk

-20-